*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 24-CO-0217

WONELL A. JONES, JR., APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2022-CF1-006394)

(Maribeth Raffinan, *Judge*)

(Submitted January 6, 2026                    Decided June 10, 2026*)

*Steven R. Kiersh* for appellant.

*Matthew M. Graves*, United States Attorney at the time the brief was filed, with whom *Chrisellen R. Kolb*, *Nicholas P. Coleman*, *Dana Joseph*, and *Mark Hobel*, Assistant United States Attorneys, were on the brief, for appellee.

Before BECKWITH, MCLEESE, and DEAHL, *Associate Judges*.

---

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the grant of appellee's unopposed motion to publish.

DEAHL, *Associate Judge*: Wonell Jones, Jr. was arrested and charged with first-degree murder. He spent more than a year in pretrial detention without being indicted and eventually requested his "immediate release" on the grounds that the prosecution had "abandoned" their case by failing to indict him within the nine months contemplated by D.C. Code § 23-102. That provision instructs that if a person has been detained on a criminal charge, "and within nine months thereafter the grand jury shall not have taken action on the case, . . . the prosecution of such charge shall be deemed to have been abandoned and the accused shall be set free." D.C. Code § 23-102. The trial court denied Jones's release request, reasoning that defense counsel had agreed to extend that statutory time period, thereby tolling the nine-month indictment clock, and that agreement was binding on Jones. Jones appealed that ruling.

Critically, after Jones filed his appeal, a grand jury indicted him for first-degree murder. Apparently in light of that development, Jones now asks that we dismiss the indictment against him and order he be released from detention, albeit without prejudice—Jones acknowledges that a grand jury could subsequently re-indict him and he could be detained under that indictment. The government counters that even if Jones were correct that he was detained without indictment beyond the nine-month window permitted by § 23-102, that would not be any ground to dismiss the indictment that a grand jury ultimately returned against him: "[R]elease from

detention . . . and *not dismissal* is the remedy provided in § 23-102." *Price v. United States*, 476 A.2d 644, 647 (D.C. 1984) (emphasis added); *id.* at 648 ("[S]ome defendants granted relief under § 23-102 will ultimately be indicted and prosecuted . . . on the original charges which caused them to be detained."). Furthermore, the government argues that Jones also "would not be entitled to immediate release because an indictment has since been returned," a point that Jones does not seem to dispute if we do not dismiss that indictment as he requests. We agree with the government that Jones is not entitled to any of the relief he seeks and thus affirm the trial court's order.

Before explaining why we agree with the government that Jones cannot be afforded any of the relief he seeks, we first address two preliminary issues regarding our jurisdiction to hear this appeal and the appeal's potential mootness. Neither party raised these issues of their own accord, but "courts are obliged to satisfy themselves that they have jurisdiction, even if no party has cast any doubt on the matter and even if the parties affirmatively agree that the court has jurisdiction." *OverDrive, Inc. v. Open eBook Forum*, 288 A.3d 305, 312 (D.C. 2023). We conclude that we have jurisdiction over this appeal and that it is not moot.

On the first point, subject to a host of exceptions, our jurisdiction is typically limited to reviewing "final orders and judgments" that dispose of the entirety of the

dispute before the trial court. D.C. Code § 11-721(a)(1); *but see id.* at § 11-721(a)(2) (listing several categories of appealable interlocutory orders); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949) (discussing the "collateral order doctrine" permitting the immediate appeal of certain interlocutory orders). The denial of pretrial release does not dispose of the entire criminal case—there is no final adjudication of guilty/not guilty, or any sentence imposed—and so Jones is appealing from a nonfinal order and he requires some jurisdictional hook to do that. He has such a jurisdictional hook, and it comes through our authority to hear interlocutory appeals from pretrial detention orders. We generally have the authority to immediately review both initial detention orders and orders declining to reconsider or revise an order detaining an individual. *See* D.C. Code § 23-1324(b) ("In any case in which a person . . . is ordered detained or an order for his detention has been permitted to stand . . . an appeal may be taken."); *see also Blackson v. United States*, 897 A.2d 187, 192-93 (D.C. 2006) (denial of motion to reconsider pretrial detention is an independently appealable order); *In re Brown*, 974 A.2d 884, 889 (D.C. 2009) ("[A]n order denying bail in a criminal case is [immediately] appealable under the [collateral order] exception."). While this case arises in the somewhat distinctive posture of a pretrial detention challenge grounded in § 23-102's timely indictment requirement, that is neither here nor there for jurisdictional purposes where Jones was seeking his pretrial release. We conclude

that under either § 23-1324(b) or our collateral order precedents—and possibly both—Jones can bring this immediate appeal from an order that denied his request for pretrial release.

On the second point, regarding mootness, we conclude that this case is not moot. We directed the parties to file supplemental pleadings on this issue after Jones was indicted during the pendency of this appeal. The parties agree that this appeal is not moot. "Mootness has been described," somewhat imprecisely, "as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)). Dismissing Jones's indictment and directing his release would undoubtedly redress a concrete injury to Jones. *See Kalorama Citizens Ass'n v. SunTrust Bank Co.*, 286 A.3d 525, 532 (D.C. 2022) (outlining "injury in fact," "concrete," "causal connection," and "redress[ability]" requirements for standing). That is sufficient to ameliorate any mootness concern. As the government points out, whether or not Jones is in fact entitled to the relief he seeks does not raise a mootness issue, but a merits issue regarding the potential remedies available to him. *See Long v. United States*, 312 A.3d 1247, 1256 (D.C. 2024) ("[A]n argument questioning 'the legal availability of

a certain kind of relief,' couched as a claim of mootness, 'confuses mootness with the merits.'" (quoting *Chafin v. Chafin*, 568 U.S. 165, 174 (2013))).

While we can thus properly entertain the merits of this appeal now that we are satisfied that we have jurisdiction and a live controversy before us, there is nonetheless little for us to resolve. The principal relief that Jones seeks is a dismissal of the indictment, and that relief is simply not available to him even if he were correct on the merits of his D.C. Code § 23-102 claim—i.e., even if he were detained beyond the permitted nine-month pre-indictment period because his counsel had no authority to toll the nine-month period on Jones's behalf, dismissal is not an available remedy. "[R]elease," "not dismissal," is the proper remedy for a § 23-102 violation. *Price*, 476 A.2d at 647-48; *see also United States v. Cadarr*, 197 U.S. 475, 481 (1905) (holding that a violation of § 23-102's predecessor requires release, and rejecting the argument "that the accused may not be held to answer upon an indictment found after the nine months' period has elapsed"). And as the government points out, immediate release is not an available remedy at this point either, because Jones has now been indicted. Jones does not seem to dispute that point, as he does not suggest he would be entitled to release absent dismissal of his indictment.

Jones requests as an alternative to dismissing his indictment that we remand the case with instructions to hold an evidentiary hearing regarding whether defense

counsel was authorized by Jones to toll the nine-month indictment clock. That would be a purely academic exercise, however: for the reasons explained above, such a hearing could neither lead to the dismissal of the indictment against Jones, nor would it lead to his release, so that remedy would not provide Jones with any concrete relief and thus does not give rise to any justiciable controversy. *See Thorn v. Walker*, 912 A.2d 1192 (2006) ("[T]here is no justiciable controversy if the court is asked to decide only abstract or academic issues."); *Miller v. United States*, 14 A.3d 1094, 1115 (D.C. 2011) ("[T]he law generally does not require the doing of a futile act.").

Finally, the government acknowledges that—assuming Jones is right that he was indicted after the nine-month window in D.C. Code § 23-102—Jones would be entitled to a new detention hearing under D.C. Code § 23-1325(a). *See Price*, 476 A.2d at 648. But that does not prompt us to resolve the merits of Jones's substantive challenge, for three reasons: (1) Jones has never asked for that potential remedy in this appeal, even after the government floated it as a possibility; (2) Jones can pursue that remedy independent of this appeal and irrespective of the merits of his indictment clock challenge, as the trial court can always "be prevailed upon to revisit a pretrial detention order, and motions for reconsideration of detention are routine" in light of "the inherently provisional nature of the trial court's initial detention order," *see Blackson*, 897 A.2d at 193; and (3) Jones has already, during the pendency of this appeal, asked the trial court to reconsider its detention ruling, and

the trial court declined to alter its decision. We see no cause to resolve Jones's indictment clock challenge where the only available remedy is one that he does not ask for here, and one that is already available to him through alternative pathways apart from this appeal.

Because we cannot afford Jones any relief, regardless of whether he is correct about his underlying § 23-102 claim, we affirm the trial court's ruling.

*So ordered.*